UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| NRZ REO INVENTORY CORP.,<br><br>　　　　　Plaintiff,<br>vs.<br>LAYNE LINDBERG, BARBARA LINDBERG,<br><br>　　　　　Defendants. | 5:18-CV-05066-JLV<br><br>REPORT AND RECOMMENDATION |

**INTRODUCTION**

This matter is before the court on the notice of removal filed by defendants Layne and Barbara Lindberg. See Docket No. 1. Now pending is plaintiff NRZ REO Inventory Corp.'s ("NRZ REO") motion to remand this matter back to state court. See Docket No. 7. This matter was referred to this magistrate judge for a report and recommendation[1] by the Honorable Jeffrey L. Viken, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and the court's October 16, 2014, standing order.

---

[1] Motions to remand are dispositive and, therefore, a magistrate judge may not decide them outright; instead a report and recommendation must be issued. Davidson v. Georgia-Pacific, LLC, 819 F.3d 758 (5th Cir. 2016); and Flam v. Flam, 788 F.3d 1043 (9th Cir. 2015).

## FACTS

Defendants herein the Lindbergs previously initiated federal litigation in this court in 2017. The litigation concerns a piece of real property situated in Pennington County, South Dakota.

On August 24, 2018, plaintiff NRZ REO brought an action in South Dakota state court asserting state law claims in order to obtain possession of the premises. See Docket No. 1-1. On September 4, 2018, the Lindbergs filed their notice of removal, taking NRZ REO's lawsuit to federal court. The court now determines that removal was without any basis in the law and recommends granting NRZ REO's motion to remand.

## DISCUSSION

**A.    General Law Applicable to Removal of Actions from State Court**

Resolution of NRZ REO's motion requires the examination of several statutes. Under 28 U.S.C. § 1332, this court has original jurisdiction of civil matters where the parties have completely diverse citizenship and the amount in controversy is greater than $75,000. See 28 U.S.C. § 1332(a).

Federal district courts are also granted "removal jurisdiction." See 28 U.S.C. § 1441. That is, lawsuits that are begun in state court may, under some circumstances, be "removed" to federal court if the prerequisites for federal court jurisdiction may be met, along with other requirements. Id.

"The right to remove a case from a state to a federal court is purely statutory and therefore its scope and the terms of its availability are entirely dependent on the will of Congress." 14B Charles A. Wright, Arthur R. Miller, &

Edward H. Cooper, Federal Practice & Procedure, § 3721, pp. 285-86 (3d ed. 1998).  The removal statutes are to be strictly construed because they are in derogation of state governments.  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941).  However, because an order remanding a case back to state court is not appealable, federal courts should be cautious about remanding so that they do not deprive a removing defendant of its statutory right to a federal forum.  14B Federal Practice & Procedure, § 3721, at 352.

This court's original jurisdiction in diversity cases is broader than its removal jurisdiction in diversity cases.  Compare 28 U.S.C. § 1332, with 28 U.S.C. § 1441.  This court has removal jurisdiction over matters that it would have had diversity jurisdiction under § 1332 had the action been filed in federal court originally *only* if none of the defendants is a resident of the state in which the state court action is pending at the time removal is sought.  See 28 U.S.C. § 1441(a) and (b).[2]  Thus, assuming complete diversity of citizenship as between all plaintiffs and all defendants, an action in which a South Dakota citizen is a defendant may be filed originally in federal district court for the

---

[2]The difference between original diversity jurisdiction and removal jurisdiction based on diversity is explained by the policy supporting removal jurisdiction in the first place:  removal jurisdiction was created to "protect nonresidents from the local prejudices of state courts."  14B Federal Practice & Procedure, § 3721, page 289.  Thus, a nonresident defendant is entitled to remove his case to federal court, assuming the basis for diversity jurisdiction is present.  A defendant sued in state court in his own home state is not in danger of being affected by xenophobic prejudices, and, thus, Congress did not provide removal jurisdiction for such defendants.

District of South Dakota, but if it is first filed in South Dakota state court, it may not be removed to the District of South Dakota.  Id.

The party opposing a motion to remand, that is, the party who removed the action, has the burden of establishing the existence of federal subject matter jurisdiction.  Central Iowa Power Co-op v. Midwest Independent Transmission System Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009).  All doubts as to the existence of federal jurisdiction are to be resolved in favor of remand.  Id.; Bates v. Missouri & Northern Arkansas Railroad Co., 548 F.3d 634, 638 (8th Cir. 2008).

**B.     Barbara Lindberg Has Been Served**

The Lindbergs argue that there is an exception to the rule against removal by residents of a state.  If a defendant who is a resident of the state has not been served, the Lindbergs argue, that unserved defendant can remove the case despite being a resident in the forum state.  See Docket No. 10 at p. 3 (citing McCall v. Scott, 239 F.3d 808 (6th Cir. 2001); Stan Winston Creatures, Inc. v. Toys "R" Us Inc., 314 F. Supp. 2d 177 (S.D.N.Y. 2003)).  They go on to assert that only Layne has been served with this state court action and that Barbara has not been served.  The problem with the Lindbergs' argument is that Barbara *has* been served properly under South Dakota law.

Under South Dakota law, an individual must be served personally. SDCL § 15-6-4(d).  Personal service can be accomplished by leaving a copy of the complaint and the summons at the defendant's dwelling with someone over the age of fourteen who resides there.  SDCL § 15-6-4(e).  Barbara was

4

personally served when the complaint and summons were given to Layne, a person who lives at Barbara's dwelling and who is over the age of 14. Therefore, the exception to the rule against domestic defendants removing cases to federal court does not apply in this case.

C.     **Supplemental Jurisdiction Does Not Apply**

When the Lindbergs removed this case from state court, they cited this court's supplemental jurisdiction, 28 U.S.C. § 1367, as the basis for invoking this court's jurisdiction.  Specifically, they argue this action is within the court's supplemental jurisdiction because it relates to another civil action pending in this court which the Lindbergs began here:  Lindberg v. Dimon, 5:17-cv-05089-JLV (D.S.D.).

Federal courts are courts of limited jurisdiction--they may adjudicate only those cases within their articulated jurisdiction under Article III of the Constitution or a valid statute enacted pursuant to Article III.  Marbury v. Madison, 1 Cranch (5 U.S.) 137, 173-80 (1803).  Each and every case brought in federal court must fall within this court's subject matter jurisdiction.  Id.; Carton v. General Motor Acceptance Corp., 611 F.3d 451, 455 (8th Cir. 2010). In this action which the Lindbergs are attempting to remove, all of the plaintiff's claims are based on state law.  Therefore, there is no federal question jurisdiction which applies.  28 U.S.C. § 1331.

Section 1367, upon which the Lindbergs rely, specifies that if a court has jurisdiction over a civil action, the court may also exercise supplemental jurisdiction over "all other claims that are so related to claims in the action

5

within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." See 28 U.S.C. § 1367(a). It is clear that § 1367 only authorizes the exercise of supplemental jurisdiction over claims brought *in the same action* as the claims over which the court has original jurisdiction.

This action which the Lindbergs are attempting to remove is not part of the same action as Civil Case No. 5:17-cv-05089. Therefore, the 2017 case the Lindbergs began here in federal court cannot be the basis for exercising supplemental jurisdiction in this case they are trying to remove.

The Fifth Circuit was faced with this same exact argument in Halmekangas v. State Farm Fire & Cas. Co., 603 F.3d 290 (5th Cir. 2010). In that case, a homeowner sued his property insurer, State Farm, in federal court, asserting federal question jurisdiction under the National Flood Insurance Program. Id. at 292. Previously, a state court action had been filed arising out of the same nucleus of facts and involving many of the same parties. Id. The defendant in the state court action then attempted to remove the state court action to federal court on the basis of supplemental jurisdiction—there was no independent basis for the federal court to otherwise exercise jurisdiction. Id. The district court accepted jurisdiction and ruled on summary judgment motions. Id.

The Fifth Circuit reversed, noting there was no original jurisdiction over the removed case and that "§ 1367, by its own terms, cannot fill the void." Id. at 294. "Without original jurisdiction, [the removing defendant] has no

6

jurisdictional hook for removal."  The Eighth Circuit, the governing court in this geographic area, has said, § 1367 "plainly does not provide a separate basis for removal of independent state law actions."  <u>Motion Control Corp. v. SICK, Inc.</u>, 354 F.3d 702, 705 (8th Cir. 2003).

### D.     Attorney David Piper

Finally, the Lindbergs move to have NRZ REO's lawyer, David Piper, recused from acting at the attorney in this action because, they assert, he is a party in their 2017 action and can be expected to be a witness.  Generally, a lawyer should not undertake representation in a case in which he or she is likely to be called as a witness to testify.  However, as pointed out above, this removal action is a separate action, a separate case, from the 2017 federal action the Lindbergs brought in this court.  The likelihood of Mr. Piper's testifying as a witness in one case does not disqualify him from undertaking representation in a different case.

## CONCLUSION

This magistrate judge respectfully recommends granting the motion of NRZ REO to remand this matter back to state court [Docket No. 7].  There is no original jurisdiction and no basis for removal.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.

Objections must be timely and specific in order to require de novo review by the District Court. <u>Thompson v. Nix</u>, 897 F.2d 356 (8th Cir. 1990); <u>Nash v. Black</u>, 781 F.2d 665 (8th Cir. 1986).

 DATED February 5, 2019.

             BY THE COURT:

             _____
             VERONICA L. DUFFY
             United States Magistrate Judge