UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| NRZ REO INVENTORY CORP.,<br><br>Plaintiff,<br><br>vs.<br><br>LAYNE A. LINDBERG,<br>BARBARA J. LINDBERG,<br><br>Defendants. | CIV. 18-5066-JLV<br><br>ORDER |
|---|---|

**INTRODUCTION**

This case concerns a state court eviction action. Defendants Layne and Barbara Lindberg, appearing *pro se*, removed this action from the Seventh Judicial Circuit Court of South Dakota. (Docket 1). They assert this court has supplemental jurisdiction over the action under 28 U.S.C. § 1367. Id. at p. 6. Plaintiff NRZ REO Inventory Corp. moved to remand the case to state court. (Docket 7). Defendants oppose remand. (Docket 10).

The court referred the pending motion to Magistrate Judge Veronica L. Duffy pursuant to the court's standing order of October 16, 2014, and 28 U.S.C. § 636(b)(1) for a report and recommendation ("R&R"). (Docket 12). The magistrate judge recommended the motion to remand be granted.

(Docket 14). Defendants objected to the R&R.[1] Under the Federal Magistrate Act, 28 U.S.C. § 636(b)(1), if a party files written objections to the magistrate judge's proposed findings and recommendations, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. For the reasons given below, the court adopts the R&R in full and grants plaintiff's motion to remand.

## DISCUSSION

### I. Facts

Plaintiff brought an action in South Dakota state court to evict defendants from a house in Rapid City, South Dakota. (Docket 1-1 at pp. 2-3). The house is the subject of another case recently dismissed by this court. See Lindberg et al. v. Dimon et al., CIV. 17-5089, 2019 WL 1460644 (D.S.D. Mar. 27, 2019), appeal filed, 19-1883 (8th Cir. Apr. 30, 2019). Defendants leased this house while it was in foreclosure proceedings. Id. at *2. U.S. Bank purchased the house during the foreclosure sale and conveyed it to plaintiff through a quit claim deed. (Docket 1-1 at p. 2). Defendants asserted the holder of the original mortgage, JP Morgan Chase Bank, breached

---

[1]Objections were due on February 19. See 28 U.S.C. § 636(b)(1) (allotting 14 days for a party to object to a magistrate judge's report and recommendation). Defendants filed their objections on February 22. Given defendant's *pro se* status, the court will consider their untimely objections.

a contract to sell the house to them. Dimon, 2019 WL at *4. The court concluded no contract to buy or sell the house existed between any party and defendants. Id. To the best of the court's knowledge, defendants do not own or have any legal relationship to the house.

## II. Legal Standards

"Defendants may remove civil actions to federal court only if the claims could have been originally filed in federal court." Cent. Iowa Power Co-op v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009) (citing 28 U.S.C. 1441(b)). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States[.]" 28 U.S.C. § 1332. Diversity actions "may not be removed if any of the . . . defendants [are] a citizen of the State in which such action is brought." Id. at § 1441(b)(2).

To determine whether plaintiff's complaint presents a federal question, the court must "apply[] the well-pled complaint rule. This long-standing doctrine 'provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.' " Moore v. Kan. City Pub. Schs., 828 F.3d 687, 691 (8th Cir. 2016) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). "[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any

congressionally approved balance of federal and state judicial responsibilities." Grabel & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). "[T]he plaintiff is master of his claim and may avoid federal removal jurisdiction by exclusive reliance on state law." M. Nahas & Co., Inc. v. First Nat. Bank of Hot Springs, 930 F.2d 608, 611 (8th Cir. 1991).

Supplemental "jurisdiction does not provide an independent source of removal separate from § 1441." Motion Control Corp. v. SICK, Inc., 354 F.3d 702, 705 (8th Cir. 2003). Where "diversity jurisdiction d[oes] not permit removal due to the prohibition of § 1441(b)," supplemental jurisdiction "does not provide an independent basis for removal" and "removal [is] improper." Id. at 706. "The proponents of federal jurisdiction bear the burden to establish federal subject matter jurisdiction, and all doubts about federal jurisdiction must be resolved in favor of remand." Moore, 828 F.3d at 691 (quotation omitted).

**III. Analysis**

Defendants' sole discernable objection is that the magistrate judge erred by recommending remand.[2] Defendants assert this case "stems wholly from" their above-discussed other case in this court and that the two cases are "based on a common nucleus of operative facts." (Docket 14 at pp. 4, 13).

[2]Defendants do not object to the magistrate judge's conclusions that Barbara Lindberg was properly served with the eviction complaint or that their motion to disqualify plaintiff's counsel David Piper should be denied as moot. (Docket 13 at pp. 4-5, 7). The court adopts the R&R in full on these points.

They complain the Clerk of Court refused to consolidate this removed action with their other case. Id. at p. 2. They ask the court to consolidate the two cases to avoid remand. Id. at p. 3. The court overrules defendants' objection because it has no subject matter jurisdiction to entertain this matter.

Removal is improper because the court has no diversity, federal question or supplemental jurisdiction over the case. Diversity cases may not be removed if any of the state-court defendants are citizens of the state in which the action was filed. 28 U.S.C. § 1441(b)(2). Defendants do not deny their South Dakota citizenship; their removal notice and objections both include South Dakota addresses in the signature block. (Dockets 1 at p. 8 & 14 at p. 16). Defendants cannot remove this action based on diversity jurisdiction.

Nor is federal question jurisdiction available. Plaintiff's state court complaint is well-pled and makes no mention of any federal law. The complaint asserts plaintiff is entitled to possession of the property under South Dakota law. (Docket 1-1 at pp. 2-3). There is no "federal question . . . presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc., 482 U.S. at 392. As plaintiff pled no federal question, the defendants cannot remove this action based on federal question jurisdiction.

Without diversity or federal question jurisdiction, the court cannot exercise supplemental jurisdiction over this case. Motion Control Corp., 354 F.3d at 705-06. Consolidating this matter with defendants' other federal case would not establish jurisdiction. The court dismissed defendants' other case

with prejudice. Dimon, 2019 WL 1460644, at *6. Defendants are appealing that matter to the United States Court of Appeals for the Eighth Circuit. Lindberg et al. v. Dimon et al., 19-1883 (8th Cir. Apr. 30, 2019). "Once a notice of appeal is filed, the district court is divested of jurisdiction over matters on appeal." Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1106 (8th Cir. 1999) (citing Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982); Liddell v. Board of Educ., 73 F.3d 819, 822 (8th Cir.1996)). "For example, while an appeal is pending, the district court may not reexamine or supplement the order being appealed." Id. Even if the court were inclined to consolidate the two cases, it no longer has complete jurisdiction over defendants' first federal case.[3]

In any event, this matter is distinct from defendants' first federal case. There, defendants asserted JP Morgan Chase breached a contract to sell the house to them. Dimon, 2019 WL 1460644, at *4. Here, the owner of the house is attempting to evict defendants. (Docket 1-1 at pp. 2-3). Consolidating separate actions is within the court's discretion when the actions "involve a common question of law or fact[.]" Fed. R. Civ. P. 42(a). The court previously determined defendants had no valid contract to purchase the house,

---

[3]Defendants filed a motion for relief from judgment pursuant to Federal Rule of Procedure 60 in their first federal case. Dimon, CIV. No. 17-5089 (Docket 51). Federal Rule of Appellate Procedure 4(a)(4)(B)(i) allows the court to resolve that pending motion, despite the notice of appeal. The court does not believe the motion preserves the jurisdiction necessary to completely reshape that case by consolidating it with this pending matter.

eliminating the only common question between these two cases. Consolidation would be improper. Without any pending matter this case would supplement, supplemental jurisdiction is unavailable.

**ORDER**

For the reasons given above, it is

ORDERED that defendants' objections to the report and recommendation (Docket 14) are overruled.

IT IS FURTHER ORDERED that the report and recommendation (Docket 13) is adopted as supplemented by this order.

IT IS FURTHER ORDERED that plaintiff's motion to remand (Docket 7) is granted.

IT IS FURTHER ORDERED that this case is remanded to the Seventh Judicial Circuit Court, Pennington County, South Dakota.

IT IS FURTHER ORDERED that the Clerk of Court shall provide a copy of this order to the Clerk of Court, Seventh Judicial Circuit Court, Pennington County, South Dakota.

Dated May 28, 2019.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE